**Quinton ETZEL, Appellant,**

v.

**UNITED STATES of America, DEPT. OF the AIR FORCE and John H. Sadowski, Appellees.**

**No. B2711.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Decided Aug. 5, 1981.

Rehearing Denied Aug. 19, 1981.

Quinton Etzel, pro se, Doran, Gulley, & Etzel, Del Rio, for appellant.

Wanda Davis, Commander, Air Force Accounting and Finance Center, Denver, Colo., Nick Duncan, Del Rio, for appellees.

Before COULSON, MILLER and MURPHY, JJ.

MURPHY, Justice.

This is an appeal from a garnishment proceeding wherein Quinton Etzel (Etzel), an attorney, appeals from the judgment of the trial court relating to the amount of attorney's fees recoverable from the garnishee, United States of America, Department of the Air Force.

On March 10, 1981, Etzel and his client, Mrs. Sadowski, filed an application for writ of garnishment against the United States of America, Department of the Air Force, one of the appellees herein. The application was filed to satisfy a previous judgment against John H. Sadowski, one of the appellees herein, awarding Mrs. Sadowski past due child support and retirement benefits and awarding Etzel attorney's fees. The Air Force was named as garnishee pursuant to 42 U.S.C. § 659(a) (Supp.1981). In relevant part, this section provides:

"(a) Notwithstanding any other provision of law, effective January 1, 1975, moneys (the entitlement to which is based upon remuneration for employment) due from, or payable by, the United States or the District of Columbia (including any agency, subdivision, or instrumentality thereof) to any individual, including members of the armed services, shall be subject, in like manner and to the same extent as if the United States or the District of Columbia were a private person, to legal process brought for the enforcement, against such individual of his legal obligations to provide child support or make alimony payments."

This section is made subject to 42 U.S.C. § 662(b) (Supp.1981):

(b) The term 'child support', when used in reference to the legal obligations of an individual to provide such support, means periodic payments of funds for the support and maintenance of a child or children with respect to which such individual has such an obligation, and (subject to and in accordance with State law) includes but is not limited to, payments to provide for health, care, education, recreation, clothing, or to meet other specific needs of such a child or children; such term also includes attorney's fees, interest, and court costs, when and to the extent that the same are expressly made recoverable as such pursuant to a decree, order, or judgment issued in accordance with applicable State law by a court of competent jurisdiction.

Mr. Sadowski intervened as a defendant as the petition filed by Etzel and Mrs. Sadowski also sought to garnish property owned by him. The trial court in its judgment found: (1) the Air Force, as garnishee, is indebted to intervenor, Mr. Sadowski, for the sum of $832.79 less an exemption of 35% for a total of $541.31; (2) Mr. Sadowski owes Mrs. Sadowski $385.00 in past-due child support payments, as found in the proceeding to recover the past due payments, plus 9% interest from October 24, 1979, the date of the enforcement proceeding judgment, and costs of court for a total of $447.40; and (3) Etzel, as attorney for Mrs. Sadowski in the proceeding to recover past-due child support and retirement benefits, is still owed the $1,000.00 fee awarded in that proceeding, however, only $231.08 is attendant to the child support judgment and therefore only this amount, together with 9% interest from October 24, 1979 for a total of $239.74, is recoverable from the Air Force. This appeal is from that portion of the trial court's judgment relating to attorney's fees.

■ Etzel's first and second points of error contend the trial court erred in its finding that only a portion of the attorney's fees awarded in the suit to recover past-due child support and Air Force retirement benefits were attendant to the issue of past-due child support. The trial court is authorized to award attorney's fees in suits to recover past-due child support. *Schwartz v. Jacob*, 394 S.W.2d 15 (Tex.Civ.App.–Hous-

ton 1965, writ ref'd n. r. e.); *Tharp v. Tharp,* 438 S.W.2d 391 (Tex.Civ.App.–Houston [14th Dist.] 1969, writ dism'd); Tex. Fam. Code Ann. § 14.09 (Vernon Supp. 1980–1981); Tex.R.Civ.P. 308–A. The adult petitioner has no right to recover the fees as an individual. Rather, the services rendered by counsel are necessaries furnished to the children whose best interests are of primary concern. *Schwartz v. Jacob, id.* The Tex.Fam.Code Ann. § 11.18 (Vernon Supp. 1980–1981) states that in any suit brought under Title 2, Subtitle A of the Family Code attorney's fees may be awarded as costs. This portion of the Family Code governs all suits affecting the parent-child relationship which, for example, includes suits to determine conservatorship, suits relating to access and support of the child, establishment or termination of the parent-child relationship, modification of conservatorship or child support, and suits to enforce orders made pursuant to this sub-chapter. The Family Code also authorizes attorney's fees in divorce actions in §§ 3.63 and 3.65, which may be characterized as an action between husband and wife.

■ Where there are two persons who have been divorced and a dispute relating to the ex-marital relationship subsequently arises and the suit is not one characterized as affecting the parent-child relationship, the Family Code offers no authority for the recovery of attorney's fees. The effect of this rule may be seen in *Locke v. Locke,* 143 S.W.2d 637 (Tex.Civ.App.–Beaumont 1940, no writ). In that case the parties had been divorced for three years when the ex-wife brought an accounting action against the ex-husband to recover community property not divided at the time of divorce. The court, after making an accounting and ordering the ex-husband to pay one-half of the community property belonging to the ex-wife, held there existed no right to attorney's fees as this suit was not a divorce action nor even a suit between husband and wife. We would further add to this rule that the case was not a suit affecting the parent-child relationship.

Initially, we are confronted with the issue of whether there existed any right for the trial court to award attorney's fees for recovery of the past-due retirement benefits. If no right existed, then we must determine if the trial court in the garnishment proceeding erred in its allotment of the attorney's fees and in its judgment determining what amount was garnishable pursuant to 42 U.S.C. § 659(a) (Supp.1981).

■ Upon examination of the record, we find in this case there existed no right for the recovery of attorney's fees at the enforcement proceeding as related to the delinquent retirement benefits. There is no indication that a contract existed for the payment of attorney's fees nor do we find any pleadings reflecting a proper statutory claim authorizing an award of attorney's fees for the recovery of the retirement benefits. Therefore, we must presume in this suit that the entire amount of attorney's fees awarded at the enforcement proceeding were attendant to the recovery of the past-due child support payments. This presumption, however, is not dispositive of this appeal because we are confronted by the issue of whether the trial judge was acting within his authority at the garnishment proceeding in his reformation of the previous judgment entered in the enforcement proceeding.

Appellant addresses this issue in her third point of error which contends the trial court, by its finding that the attorney's fee was not primarily attendant to the protection of the children's rights, imposed an impermissible collateral attack on the original judgment. In the leading case of *Crawford et al. v. McDonald,* 88 Tex. 626, 33 S.W. 325 (1895) the Texas Supreme Court affirmatively sets out the definitions relating to collateral and direct attacks:

"A direct attack on a judgment is an attempt to amend, correct, reform, vacate, or enjoin the execution of same in a proceeding instituted for that purpose, such as a motion for a rehearing, an appeal, some form of writ of error, a bill

of review, an injunction to restrain its execution, etc."

*Id.* at 327.

"A collateral attack on a judgment is an attempt to avoid its binding force in a proceeding not instituted for one of the purposes aforesaid. . . ."

*Id.* at 327. *See Akers v. Simpson,* 445 S.W.2d 957 (Tex.1969). Other rules control the use of collateral attacks as found in *Security Trust Co. of Austin et al. v. Lipscomb County et al.,* 142 Tex. 572, 180 S.W.2d 151 (1944): (1) a collateral attack on a judgment is allowed only where the judgment under attack is absolutely void; (2) the validity of the judgment cannot be determined except by the record; and (3) unless the record negatives existence of facts that are essential to the court's jurisdiction, the law conclusively presumes upon collateral attack that those facts were established by the evidence.

■ The most frequent and common ground for a collateral attack is the court lacked jurisdiction to rule on the controversy. In the enforcement suit, the record reflects the court had jurisdiction of the child, the parents and the subject matter of the suit. All parties had notice of the action and were present and represented by counsel. Therefore, that judgment is presumed on the record not to be void and any action by the trial judge in the garnishment proceeding which changed or affected the final judgment in the enforcement proceeding was error. The proper method to have attacked the trial court's judgment relating to the finding of attorney's fees in that suit would have been by a direct attack. This procedure was not followed and therefore the parties are bound by that final judgment.

We find the full amount of attorney's fees awarded in the enforcement suit were attendant to the recovery for child support. There existed no right at that proceeding to recover attorney's fees for the recovery of the retirement benefits, as hereinabove pointed out. The trial judge was only authorized to award attorney's fees for the recovery of the child support.

■ We must now determine what part of the recovery in the enforcement proceeding should have been recoverable from the Air Force in the garnishment proceeding. As already determined, the delinquent child support payments awarded and the full amount of attorney's fees recovered would be child support as contemplated by 42 U.S.C. § 659(a) (Supp.1981). However, in a garnishment proceeding, "[i]t is well settled that garnishment should be in the amount of the debt absolutely owed at the time garnishee files his answer." *United States et al. v. Wakefield,* 572 S.W.2d 569 (Tex.Civ. App.–Fort Worth 1978, no writ); *see Burkitt v. Glenney,* 371 S.W.2d 412 (Tex.Civ. App.–Houston [1st Dist.] 1963, writ ref'd n. r. e.). Retirement benefits are contingently owed and are not absolutely owed because for the retirement pay to accrue the retiree must remain alive. *United States v. Wakefield, id.* Therefore, the Air Force is liable only for the amount absolutely owed at the time its answer was filed, and to award future retirement benefits that might accrue would be error.

On May 28, 1980 the Air Force filed its answer and declared $541.31 to be the amount owed to Mr. Sadowski at that time. The judgment in the garnishment proceeding, among other things ordered the Air Force to pay the full amount of delinquent child support to Mrs. Sadowski plus interest for a total of $447.40. We affirm that portion of the judgment. We reverse and render the remainder of the judgment wherein the trial court found that only $231.08 plus interest was garnishable out of the $1,000.00 award of attorney's fees. As already set out in this opinion, this division of the attorney's fees was error. Therefore, the full amount of fees awarded at the enforcement proceeding plus 9% interest from October 24, 1979 were attendant to child support. However, since the Air Force remains liable only for the amount it holds, we find Etzel may recover only $93.91 from the Air Force, this amount being the difference between the child support award to Mrs. Sadowski ($447.40) and the total amount of funds garnishable from the Air Force ($541.31).

Appellant's remaining points of error are overruled.